NOT FOR PUBLICATION


UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>MIKHAIL L. FELDMAN,<br><br>Defendant - Appellant. | No. 14-50448<br><br>D.C. No. 3:09-cr-01971-W-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Thomas J. Whelan, Senior District Judge, Presiding

Submitted October 23, 2015[**]
Pasadena, California

Before: PREGERSON and TROTT, Circuit Judges and STAFFORD,[***] Senior District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable William H. Stafford, Jr., Senior District Judge for the U.S. District Court for the Northern District of Florida, sitting by designation.

In 2009, Feldman pleaded guilty to possessing child pornography on his computer. He was sentenced to 37 months in custody plus five years of supervised release.

**Round 1**
**2012 - 2013**

Four months after his release from prison, Feldman was back in court because he violated a term of his supervised release. According to his probation officer, he "willingly made the decision to repeatedly ignore directions from probation and he continued to view pornographic material because he was unable to control his urges." The probation officer recommended "as an added supervision tool to assist Mr. Feldman to remain law abiding" a Fourth Amendment Waiver search condition "with or without a warrant, and with or without reasonable or probable cause."

At a hearing on January 7, 2013, Feldman admitted using a computer without permission. One of the websites he continued to access was one he looked at before being arrested for his original offense. Because he had violated the probation officer's and the district court's trust, the government urged that he needed the Fourth Waiver provision to help bring him into compliance. The probation officer pointed out that his family had enabled him to violate his terms.

Saying that the court and the probation officer would do everything it could "to try to help you," the court noted that there had "to be some consequences for your just having, as you put it, the -- not being able to resist your urge to access prohibited websites[,] I think that clearly justifies, at least for the time being, the more stringent search and seizure condition." The court held out as a carrot the possibility that the condition could be removed "if he goes a year or so without having a problem." He did not appeal.

On June 18, 2013, because he had been compliant, the parties stipulated that the full Fourth Waiver could be changed to require only "reasonable suspicion."

## Round 2
## 2013-2014

Before the year was out, Feldman was back in court with another problem. This time probation caught him in his room with a weapon he made out of a sock containing a combination lock, sort of a "soft" billy club. He admitted drinking alcoholic beverages -- also a violation -- given to him by his sister. He also admitted to continuing improperly to use a computer and to possessing a cellular "smartphone" with Internet access capabilities. Probation reported that they had done everything they could think of to try to help him find a job, but to no avail. His supervision adjustment was described as "poor." He routinely missed

treatment appointments. The probation officer described him as "a danger to himself and others," and his behavior as "deceptive, reckless, and dangerous." A full Fourth Waiver was again recommended and imposed, with four more months of custody.

Feldman appealed the imposition of the full Fourth Waiver without the need for reasonable suspicion. The matter was submitted without argument. We affirmed. In a memorandum disposition, we said, "The record reflects that the court considered Feldman's arguments and adequately explained why the condition was necessary in this case. Moreover, in light of Feldman's multiple violations of supervised release, the condition is reasonably supported by the need for deterrence and protection of the public." United States v. Feldman, 584 F. App'x. 838 (9th Cir. 2014).

**Round 3**
**2014**

On July 10, 2014, while his case was still on appeal and before we issued our decision, Feldman was back in court. He was charged with continuing to use an unauthorized computer, lying to the probation officer, and not following directives. This time Judge Whelan gave him seven months and imposed the same

restrictive full Fourth Waiver search condition, this just one day before we affirmed the same disputed condition from Round 2.

Now with worse facts, i.e. another violation, he appeals again. Counsel waives off our previous decision and simply argues that the condition makes no sense.

Every word Judge Whelan uttered in this lengthy saga demonstrates that he was trying to help Mr. Feldman, not punish him. As Judge Whelan said during Feldman's second revocation hearing, "The whole purpose of the supervised release is to try to help him so he doesn't get into trouble. . . . I think I am going to modify some of his conditions to make sure he doesn't get himself into trouble." The record refutes counsel's attempt to label Judge Whelan's action as a "blanket automatic rule" which he imposed without thought. Judge Whelan tailored every condition to Feldman's repeated violations. Counsel's disparaging attempts to twist Judge Whelan's words are not appropriate.

AFFIRMED.